GISKAN SOLOTAROFF & ANDERSON LLP
11 Broadway, Suite 2150
New York, New York 10004
(646) 964-9640
Jason L. Solotaroff
Aliaksandra Ramanenka
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

KRISTIN OLMSTED

                       Plaintiff,

      -against-                         **COMPLAINT**

                                                        **JURY TRIAL DEMANDED**

HALSTEAD MANAGEMENT COMPANY, LLC.,

                       Defendant.

------------------------------------------------------------------X

Plaintiff Kristin Olmsted, by her attorneys Giskan Solotaroff & Anderson LLP, for her complaint against Defendant, alleges as follows:

### Nature of the Action

1. This is an action for retaliation pursuant to the Federal Labor Standards Act, 29 U.S.C. § 215(a)(3) ("FLSA") and the New York Labor Law Article 7, § 215 ("NYLL"), against Halstead Management Company, LLC, ("Halstead") by Plaintiff Kristin Olmsted, a former Halstead employee.

2. Defendant terminated Ms. Olmsted's employment in retaliation for Ms. Olmsted's complaint to Defendant about Defendant's unlawful labor practices, including their failure to pay her overtime.

1

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the claims made pursuant to FLSA pursuant to 29 U.S.C. §216.

4.      This Court has jurisdiction over the claims made pursuant to the NYLL pursuant to 28 U.S.C. §1367.

5.      Venue is properly before this Court pursuant to 28 U.S.C. §1391(b), as a substantial part of the events giving rise to the claim occurred in this District.

## THE PARTIES

6.      Plaintiff Kirsten Olmsted is a resident of Long Beach, New York.

7.      Defendant Halstead Management Company, LLC is, upon information, a corporation registered to do business in the state of New York, with a principal place of business located at 770 Lexington Avenue, New York, New York 10065. At all relevant times herein, Defendant Halstead Management Company, LLC met the definition of an "employer" under all relevant statutes.

## THE FACTS

8.      Ms. Olmsted began working at Defendant in May 2016 as Director of Office Management, Compliance and Operations.

9.      However, as a result of the departure of another Defendant's employee, Diana Babayeva,[1] Ms. Olmsted was assigned, as her primary responsibilities, the duties of Ms. Babayeva's Assistant Property Manager position, reporting to Martha Goupit.

---

1 On May 20, 2016, Ms. Babayeva filed a complaint with this Court alleging failure to pay her overtime in violation of FLSA and NYLL. *See Babaeva v. Halstead Management Company, LLC et al*, 16-cv-03794 (LGS).

10. Based on the duties of the Assistant Property Manager position, which consisted of clerical tasks involving little to no discretion and independent judgment, the position was not properly classified as exempt.

11. Ms. Olmsted worked approximately 10 hours of overtime per week without being paid time and a half wages for those hours.

12. Beginning in June 2016, Ms. Olmsted raised concerns about performing duties outside the job description of the position for which she was hired.

13. On July 28, 2016, Ms. Olmsted met with Human Resources and asked about the procedure for being paid overtime wages. Immediately thereafter, Ms. Goupit walked into Ms. Olmsted's office and castigated her for raising overtime issues with Human Resources.

14. On August 25, 2016, less than a month (two weeks of which Ms. Olmsted was on vacation) after Ms. Olmsted's complaint regarding overtime, she was terminated.

15. Moreover, Ms. Goupit handled the termination in an extremely aggressive way, preventing Ms. Olmsted from speaking to other managers who wished to have an exit interview with Ms. Olmsted and escorting her to the door in front of other employees.

16. The company's retaliation even continued post-termination as Ms. Caplan advised Ms. Olmsted she would not receive positive references unless she signed a release of her claims.

## FIRST CLAIM FOR RELIEF
(Retaliation in Violation of FLSA)

17. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

18. Defendant retaliated against Plaintiff by discharging Plaintiff because Plaintiff complained to Defendant about Defendant's unlawful labor practices, including failure to pay Plaintiff overtime.

**SECOND CLAIM FOR RELIEF**
(Retaliation in Violation of NYLL)

19. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

20. Defendant retaliated against Plaintiff by discharging Plaintiff because Plaintiff complained to Defendant about Defendant's unlawful labor practices, including failure to pay Plaintiff overtime.

**THIRD CLAIM FOR RELIEF**
(Failure to pay overtime in violation of FLSA)

21. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

22. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the FLSA.

23. At all times relevant to this action, Plaintiff was engaged in commerce and/or Defendant was an enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and 207(a).

24. Defendant willfully failed to pay Plaintiff overtime compensation at a rate not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of the Fair Labor Standards Act, 29 U.S.C. § 207(a)(1).

25. Defendant failed to keep appropriate and accurate payroll and time records as required by federal law.

26. Due to Defendant's FLSA violations, Plaintiff is entitled to recover from Defendant her unpaid overtime compensation, liquidated damages, attorneys' fees and costs of this action pursuant to 29 U.S.C. § 216(b).

**FOURTH CLAIM FOR RELIEF**
(New York Labor Law, §§ 190 et seq, 650 et seq)

27. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs above as if fully set forth herein

28. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of New York Labor Law §§ 2, 190 and 651.

29. Defendant willfully violated the rights of Plaintiff by failing to pay her overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek in violation of the New York Minimum Wage Act, New York Labor Law § 650 et seq, and its regulations, N.Y.C.R.R. § 142-2.2.

30. Defendant willfully violated the rights of Plaintiff by failing to pay her an additional hour of pay for each hour worked in excess of ten in one day, in violation of the New York Minimum Wage Act and its regulations, N.Y.C.R.R. § 142-2.4.

31. Due to Defendant's New York Labor Law violations, Plaintiff is entitled to recover from Defendant, her unpaid overtime compensation, her unpaid "spread of hours" wages, her unpaid wages, attorneys' fees and costs pursuant to New York Labor Law §§ 198, 663(1) and the New York State Department of Labor regulations.

## JURY DEMAND

Plaintiff demands trial by jury of all issues as of right by a jury.

**WHEREFORE**, Plaintiff demands judgment against Defendant:

A. Awarding Plaintiff injunctive relief in the form of an order requiring Defendant to reinstate Plaintiff to her former position and to refrain from retaliating against her thereafter;

B. Awarding Plaintiff lost wages and compensatory damages including damages for emotional distress;

C. Awarding Plaintiff liquidated damages under FLSA;

D. Awarding Plaintiff liquidated damages under NYLL;

E. Awarding Plaintiff punitive damages;

F. Awarding reasonable attorneys' fees, costs, and expenses; and

Granting such other legal and equitable relief to the Plaintiff as the Court may deem just and equitable.

Dated:    New York, New York
          October 3, 2016

                              GISKAN, SOLOTAROFF & ANDERSON LLP

                                    /s/
                         By:  Jason L. Solotaroff
                              jsolotaroff@gslawny.com
                              (646)964-9640
                              Aliaksandra Ramanenka
                              aramanenka@gslawny.com

(646)964-9609  
11 Broadway, Suite 2150  
New York, New York 10004  
ATTORNEYS FOR PLAINTIFF