## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into between and among Kristin Olmsted (the "Plaintiff") and Halstead Management Company LLC (the "Defendant"). Plaintiff and Defendant are hereinafter referred to collectively as the "Parties."

RECITALS

WHEREAS, Plaintiff commenced an action against the Defendant in the United States District Court for the Southern District of New York on October 3, 2016 entitled *Olmsted v. Halstead Management Company LLC*, No. 1:16-cv-7732-PGG (S.D.N.Y. filed Oct. 3, 2016), seeking lost wages, compensatory damages, interest, attorney's fees and costs against the Defendant pursuant to federal and state laws including the Fair Labor Standards Act of 1938, as amended ("FLSA"), the New York Labor Law ("NYLL"), and related regulations; and

WHEREAS, the Parties, by their duly designated representatives, have engaged in extensive arms-length settlement negotiations including a day-long mediation with a mediator, Ruth D. Raisfeld, Esq.; and

WHEREAS, prior to such resolution the Parties engaged in several months of litigation, including contested discovery; and

WHEREAS, disputed issues remain, including whether Plaintiff is owed overtime wages pursuant to the FLSA and the NYLL, whether Plaintiff engaged in protected activity pursuant to the FLSA and the NYLL, whether Defendant retaliated against Plaintiff for any such protected activity and the amount of damages, if any, owed to the Plaintiff; and

WHEREAS, the Parties mutually desire to fully resolve and forever settle the retaliation claims asserted by the Plaintiff in the Action, and to avoid the time, expense and inconvenience of further litigation; and

WHEREAS, the Parties are and have been represented by legal counsel at all times throughout the negotiation, preparation and execution of this Agreement, and the Parties have had a full and fair opportunity to consider this Agreement and review all of its terms with the assistance of such counsel;

NOW, THEREFORE, the Parties agree as follows:

WHEREAS, the Parties, in an effort to avoid the expenses, time demands and uncertainties of litigation, have reached an agreement to compromise and settle any and all disputes between them, with no admission of any kind;

NOW, THEREFORE, for and in consideration of the mutual promises herein contained and for good and valuable consideration, the receipt, sufficiency, and adequacy of which are hereby acknowledged, the Parties agree as follows:

1. DEFINITIONS  The terms set forth below shall be defined as follows:

1.1 Plaintiff. "Plaintiff" means Kristin Olmsted.

1.2 Plaintiff's Counsel. "Plaintiff's Counsel" means Giskan, Solotaroff & Anderson, LLP, 217 Centre Street, 6th Floor, New York, New York 10013.

1.3 Defendant. "Defendant," as defined above as well, means Halstead Management Company LLC and its affiliates.

1.4 Defendant' Counsel. "Defendant' Counsel" means Law Offices of Andrew P. Saulitis P.C., 40 Wall Street-37th Floor New York, New York 10005

1.5 Parties. "Parties" means and refers to Plaintiff and Defendant.

1.6 The Litigation. "The Litigation" refers to the action entitled *Olmsted v. Halstead Management Company LLC*, No. 1:16-cv-7732-PGG (U.S.D.C.-S.D.N.Y. filed Oct. 3, 2016).

1.7 The Court. "The Court" refers to the United States District Court for the Southern District of New York.

1.8 Settlement. "Settlement" means the terms of the settlement of this Litigation, which is embodied fully in this Agreement.

2. SETTLEMENT PAYMENTS

2.1. Negotiated Settlement Amount and Distribution to Plaintiff.

a. Defendant agrees to pay the Negotiated Settlement Amount of Thirty Eight Thousand Two Hundred and Fifty Dollars ($38,250.00) Dollars to Plaintiff, for the purpose of settling the Plaintiff's retaliation claims.

b. The Negotiated Settlement Amount, will be paid to the Plaintiffs Attorneys will to be distributed as set forth below:

i. $5,000 to Plaintiff, less all applicable deductions and withholdings, as compensation for any wages potentially owed to Plaintiff as a result of her claim for wrongful discharge;

ii. $18,185.00 to Plaintiff, as compensation for Plaintiff's claimed emotional distress;

   iii.  $15,065 to Plaintiff's Counsel for attorney's fees.

  c.  Upon execution of the Agreement, Plaintiff, and Plaintiff's Counsel will provide Defendant with current and completed W-9 forms. Defendant shall issue Plaintiff and Plaintiff's Counsel IRS Form 1099-MISC in connection with the payments in subsections ii. and iii. as set forth below.

  d.  The Negotiated Settlement Amount will be paid no later than ten business days following approval by the Court of this Agreement and entry of order regarding same, to the extent approved by the Court. Plaintiff's Counsel shall prepare the appropriate application for such approval and Defendant and Defendant's Counsel shall cooperate with Plaintiff's Counsel in connection therewith and shall execute such documentation as shall be appropriate for such application.

  e.  Any Notice to be sent pursuant to this Agreement shall be sent, if to Defendant, via e-mail and facsimile; the email to at apslaw@msn.com and facsimile to (646) 219-3066, and if to Plaintiff, to Jason Solotaroff at jsolotaroff@gslawny.com and facsimile at 646 964 9640. Notice shall be deemed to have been received upon the transmission of the emails set forth above, and the date the written copy is received. In the event the Notice is to inform of late payment, the Notice shall set forth the date on which such payment must be received in order to avoid a default. If the Notice is to inform of a default, it shall contain the date on which the default is claimed to have occurred.

  3.  RELEASES

  3.1.  Claims Released by Plaintiff. In exchange for the Negotiated Settlement Payment set forth in Section 2 of this Agreement, and other valuable consideration set forth elsewhere in this Agreement, Plaintiff shall, for herself, her attorneys, agents, executors, administrators, personal representatives, heirs, successors, any future estates, assigns and beneficiaries, and any and all of them (collectively, the "Releasors"), knowingly, voluntarily and with the advice of counsel, fully and forever release, acquit, waive and discharge the Defendant from any and all claims asserted in the Complaint in this Action, including FLSA and New York Labor Law ("NYLL"), or any basis for recovering costs, fees, or other expenses including attorney's fees incurred in the Litigation or any other claims that could have been brought in this Litigation or otherwise arising from or relating to Defendant's employment of Plaintiff (collectively, the "Released Claims"), except as set forth herein.

  4.  NO ADMISSION OF LIABILITY

  4.1.  Non-Admission of Liability. By entering into this Agreement, Defendant in no way admits any violation of law or any liability whatsoever to Plaintiff. Defendant denies that it violated any law, statute or regulation or breached any contract or committed any wrongdoing whatsoever arising out of or relating to Plaintiff's employment with Defendant or otherwise The Parties understand and agree that neither

this Agreement, nor the negotiations that preceded it, shall be used as evidence with respect to the claims asserted in the Litigation or in any other proceeding or dispute whatsoever, except relating in any way to Paragraphs 2.1.

5. DISMISSAL OF THE LAWSUIT

Plaintiff authorizes and instructs Plaintiff's Counsel to sign and cause to be filed for so-ordering by the Court a Stipulation of Voluntary Dismissal with Prejudice ("the Dismissal Order") in the form attached to this Agreement as Exhibit A.

6. MISCELLANEOUS

6.1 Entire Agreement. This Agreement and all attachments, constitutes the entire Agreement between the Parties. All prior and contemporaneous negotiations (including the provisional agreement executed by the parties in mediation) and understandings between the Parties shall be deemed merged into and superseded by this Agreement.

6.2 Binding Effect. This Agreement shall be binding upon and inure to the benefit of the Parties.

6.3 Arm's Length Transaction; Materiality of Terms. The Parties have negotiated the terms and conditions of this Agreement at arm's length, through authorized counsel. No term of this Agreement will be construed against either Party as the drafter, as this entire Agreement is the result of arm's-length negotiations between the parties with the advice and assistance of counsel and the assistance of a qualified mediator. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement.

6.4 Captions. The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

6.5 Governing Law. This Agreement shall in all respects be interpreted, enforced, and governed by and under the laws of the State of New York, without regard to choice of law principles, to create a full and complete settlement and waiver of claims. To the extent that the law of the United States governs any matter set forth herein, such Federal law shall govern and shall create a full and complete settlement and waiver of claims, as set forth herein.

6.6 Amendment. This Agreement may not be modified, altered, or changed except upon express written consent of both of the Parties wherein specific reference is made to this Agreement.

6.7     Attorney's Fees and Costs. Each Party shall be solely responsible for its or their own attorney's fees and costs in connection with the Litigation, except as expressly provided in this Agreement.

6.8     Fair and Reasonable Settlement. The Parties agree that this Agreement and the payments called for by this Agreement are fair and reasonable to all Parties, and that those payments and the other terms of this Agreement constitute a fair and reasonable settlement of the claims made in the Litigation. The Parties also agree that there was no undue influence, duress, overreaching, collusion or intimidation in reaching this Agreement, and that both Parties have sought and received the advice of competent counsel as to the meaning and effect of each of the terms of this Agreement before agreeing to sign it. The Parties each disclaim reliance upon any representation, promise or understanding not expressly contained in this Agreement in their decision to enter into this Agreement.

6.9     Severability. In the event that any provision of this Agreement or the application thereof should be held to be void, voidable, unlawful or, for any reason, unenforceable, the remaining portion and application shall remain in full force and effect, and to that end the provisions of this Agreement are declared to be severable.

6.10    Non-Admission. This agreement does not constitute an admission that Defendant violated any law, regulation or statute, misclassified Plaintiff or any other employee or breached any contract or committed any wrongdoing whatsoever arising out of the Plaintiffs claims of employment with Defendant. Defendant denies that it violated any law, statute or regulation or breached any contract or committed any wrongdoing whatsoever arising out of the Plaintiff's claims of employment with Defendant.

6.11    Counterparts. This Agreement may be executed in counterparts, each of which shall be deemed as an original but all of which shall constitute one and the same instrument. Signature pages may be executed by "wet ink" signature (i.e., using pen and paper) or electronic signature (e.g., via DocuSign). The executed signature pages may be delivered using facsimile or electronic means, including pdf or similar file type transmitted via email, cloud-based server, or e-signature technology.

6.12    Enforcement of Agreement. In the event of a material breach of this Agreement, the prevailing party shall be liable to the other for the reasonable attorneys' fees and costs incurred in defending against said breach.

7. NON-DISPARAGEMENT

Each of the Parties expressly agrees not to disparage the other. In the event that Defendant receives any request for an employment reference for Plaintiff from a prospective employer or anyone acting on their behalf, Defendant may confirm Plaintiff's position(s) held and dates of employment and shall disclose no other information. Other than in any court filing necessary to obtain court approval of the settlement, the parties shall not disclose the amount of the settlement.

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this Settlement Agreement and Release as of the date(s) set forth below:

Dated:    November 17, 2017
          New York, New York

_____  11/17/17
Kristin Olmsted, Plaintiff        Date

Halstead Management Company LLC

_____
By: Martha Goupit            Date

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this Settlement Agreement and Release as of the date(s) set forth below:

Dated:      November____, 2017
            New York, New York

_____          Date:
Kristin Olmsted, Plaintiff

Halstead Management Company LLC, Defendant

_____  11/20/17
By: Martha Goupit                            Date: