# GISKAN SOLOTAROFF & ANDERSON LLP
### Attorneys at Law

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/28/17

November 22, 2017

*MEMO ENDORSED: The proposed settlement is approved by the Court.*

BY ECF AND FAX
Hon. Paul G. Gardephe
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York NY 10007

SO ORDERED:
Paul G. Gardephe, U.S.D.J.
Dec. 28, 2017

Re:   Olmsted v. Halstead Management Co. LLC., No. 1:16-cv-07732 (PGG)

Your Honor:

I am the attorney for the Plaintiff in this action, Kristin Olmsted, and write jointly with the attorneys for the Defendant Halstead Management Company, LLC ("Halstead Management") to advise the Court that the parties have reached a settlement of this matter after a private mediation before Ruth D. Raisfeld, Esq. Since settlements of FLSA actions require court approval, *see Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199 (2d Cir. 2015), the parties also request that the Court approve the proposed settlement.

A.   The Proposed Settlement

The settlement agreement is attached hereto as Exhibit A. It provides for a total payment by Defendant of $38,250 of which $15,065 will be paid for attorney's fees and expenses. Of that amount, $6,782 is attributable to expenses including court reporter costs for four depositions and the mediator's fee.

B.   Factors To Be Considered In Approving A FLSA Settlement.

In considering whether to approve the settlement of an individual FLSA action, courts focus on the "reasonableness of the settlement in light of the contested merits of the dispute, and the division of settlement funds between plaintiff and her counsel." *Velasquez v. SAFI-G, Inc.,* 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015).

1.   Merits of the Dispute

In terms of the merits of the dispute, it is important to understand that this was primarily a retaliation case based on Ms. Olmsted's fairly short-lived employment being terminated after alleged complaints concerning overtime eligibility. Although Ms. Olmsted also asserted a claim for overtime wages pursuant to the FLSA and the New York Labor Law, she was only employed by Halstead for four months and claimed to work approximately 5 hours or less of overtime per week. Accordingly, at her salary of $72,000, her maximum unpaid overtime would be

217 Centre Street, 6th Floor  |  New York, New York 10013

approximately $4000. Moreover, Halstead Management contested whether Ms. Olmstead was eligible for overtime as Halstead claimed that Ms. Olmsted was an exempt supervisory employee with the title of Director of Office Management, Operations and Compliance.

In terms of Ms. Olmsted's retaliation claim, Halsted Management contested whether Ms. Olmsted engaged in protected activity. The evidence developed during discovery on this point was equivocal. While Ms. Olmsted did send emails inquiring about her eligibility for overtime, I believe it would have been a debatable issue as to whether those emails constituted protected activity. Halstead also contended that Ms. Olmsted's communications concerning overtime were not the reason for her termination and that she was terminated because she was not a good fit for the role.

At the time of the mediation, Ms. Olmsted had lost wages arising from her termination of approximately $60,000. Given the contested nature of the issues in the action, a settlement of $38,250 is certainly within the boundaries of reasonableness.

2.   Division of Settlement Funds Between Plaintiff and Counsel.

As mentioned above, $15,065 will be paid to my firm for fees and expenses. Of that amount, $6,782 is reimbursement for payment of expenses, most of which are the mediator's fee and the expenses of the four depositions I conducted. The remaining amount attributable to attorney's fees of $8,283 constitutes approximately 26 percent of the recovery after expenses. Although my agreement with Ms. Olmsted permitted me to charge 33 percent of any recovery after expenses, at her request I reduced the amount of fees to accommodate her difficult financial situation. I should note that based on 36 hours of time in the case, which does not include time spent at the mediation or time spent negotiating the settlement agreement, based on the fee, I am receiving approximately $230 per hour which is well below both my standard billing rate and the rate an attorney with my level of experience (26 years) would likely be awarded by the Court. Accordingly, I believe there has been a reasonable and fair allocation of the award between Ms. Olmsted and my firm.

Accordingly, on behalf of both parties in this action, I request that the Court approve the proposed settlement of this action. Attached as Exhibit B to this letter is a stipulation of discontinuance for the Court's consideration. It would be extremely helpful to Ms. Olmsted, who, as mentioned previously, is experiencing some financial difficulty, if the Court could review the settlement as soon as possible.

Very truly yours,

/s

Jason L. Solotaroff

cc:   Andrew P. Saulitis
      Counsel for Defendant